UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AKEEM TURNER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:24-CV-616-HAB-SLC |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Akeem Turner, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary proceeding (WCC-24-3-1558) at the Westville Correctional Facility in which he was charged with interfering with staff in violation of Indiana Department of Correction Offense 252. According to the petition, he was not sanctioned with a loss of earned credit time or demotion in credit class. Instead he lost the opportunity to earn case plan credit time due to the pending disciplinary charge. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

"[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Under Indiana law, inmates may earn educational credit if they "successfully complete the requirements of an individual case management plan approved by the department of correction." Ind. Code. § 35-50-6-

3.3(b)(3)(E). "A petitioner cannot use § 2254 to challenge the deprivation of an opportunity for accelerated release from custody." *Holleman v. Finnan*, 259 Fed. Appx. 878, 879 (7th Cir. 2008) (citing *Hadley v. Holmes*, 341 F.3d 661, 664 (7th Cir. 2003); *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

The facts of this case closely resemble the facts of *Zimmerman* in which the plaintiff complained that he lost the opportunity to earn good time credit when he was removed from vocational and substance abuse programs due to a facility transfer. In that case, the Seventh Circuit reasoned that there is no due process protection "for action that merely might affect the duration of a sentence." *Id.* at 571-72. It observed that it was not "inevitable" that the petitioner would complete a program that would entitle him to good time credit if he had completed it. *Id.* at 572. The Seventh Circuit concluded that, "denying [the petitioner] the opportunity to earn good time credits [did] not inevitably affect the duration of the sentence and [did] not deprive him of constitutional guarantees." *Id.* Because Turner similarly lost only the opportunity to earn educational credit toward his sentence, his right to due process was not violated, and the court cannot grant him habeas relief.

If Turner wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Akeem Turner, leave to proceed in forma pauperis on appeal.

SO ORDERED on July 31, 2024.

s/Holly A. Brady
CHIEF JUDGE
UNITED STATES DISTRICT COURT
